FILED
SUPERIOR COURT
OF GUAM

2018 MAR 23 AM 11: 28

CLERK OF COURT

BY

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>DAVID MUNA BROWN, JR.,<br><br>                 Defendant. | CRIMINAL CASE NO. CF0089-18<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 20, 2018, for hearing on Defendant David Muna Brown, Jr.'s ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance or Third Party Custodian ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha L. Molyneux, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 20, 2018, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On February 22, 2018, Defendant was indicted with the following charges: (1) Home Invasion (As a First Degree Felony); (2) Burglary (As a Second Degree Felony); (3) Criminal Trespass (As a Misdemeanor); and (4) Criminal Mischief (As a Misdemeanor). (Indictment, Feb. 22, 2018). According to the Declaration attached to the Magistrate's Complaint, on

*People v. Brown*
Case No. CF0089-18
Decision and Order

January 28, 2018, a Guam Police Department ("GPD") officer responded to a disturbance call at the victim, Lillian Muna-Brown's, residence. (Decl. of Jeremiah B. Luther, Magistrate's Compl., Feb. 12, 2018). The Victim reported that her son, Defendant, had come to her home and asked to sleep inside. *Id.* According to the Victim, Defendant isn't allowed inside the residence, and she told him that he could not come inside. *Id.* Defendant responded by getting angry and kicking a fan in the carport. *Id.* Defendant then asked for a blanket, and the Victim refused. *Id.* Defendant became upset and threatened the Victim's other son, C.B. Defendant began kicking the security screen door which was locked and closed, until he made a hold into which he reached through to unlock the security door. *Id.* The Victim and C.B. ran into a back bedroom because they were frightened of Defendant and locked the door. *Id.* While in the bedroom, they could hear Defendant throwing things inside the residence and shouting. *Id.* When the officer arrived at the residence, Defendant could not be located. *Id.* Defendant was found hiding behind a bedroom door. *Id.*

On February 28, 2018, at Arraignment, Defendant asserted his right to speedy trial[1] and entered into an NGRI plea. *See* Minute Entry, Feb. 28, 2018. A psychological/psychiatric examination was ordered. *See* Order for Forensic Evaluation, Mar. 1, 2018. A Criminal Trial Setting was set for March 7, 2018.

On February 15, 2018, Defendant filed the Motion for Bail Redetermination. Defendant is confined pending the posting five thousand dollars ($5,000) cash bail. *See* Commitment Order, Feb. 12, 2018. On February 28, 2018, the Government filed its Opposition.

On March 7, 2018, at the Criminal Trial Setting Hearing, Defendant requested that the Motion for Bail Redetermination be held in abeyance until the Forensic Evaluation was completed, and a Further Proceedings was set for March 20, 2018.

On March 19, 2018, the Court received a Forensic Evaluation conducted by Dr. Juan M. Rapadas ("Dr. Rapadas") at Client Services and Family Counseling Division of the Superior Court.

---

[1] The Court does not have a written assertion of speedy trial, however, Defendant continues to orally maintain he is in asserted status.

*People v. Brown*
Case No. CF0089-18
Decision and Order

On March 20, 2018, the Court heard additional oral arguments on the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance or to third party custodians as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Feb. 15, 2018. The Government opposes, urging the Court to keep bail conditions as previously set, as there is a lack of any assurances offered by Defendant in his motion, especially considering the nature and seriousness of the offenses charged. *See generally*, Opp'n, Feb. 28, 2018.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
- (i) length of his/her residence on Guam;
- (ii) his/her employment status and history, and financial condition;
- (iii) his/her family ties and relationships;
- (iv) his/her reputation, character and mental and physical condition;
- (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
- (vi) his/her history relating to drug or alcohol abuse;
- (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
- (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
- (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has lived on Guam all his life and does not have a passport. *See generally*, Mot. Bail Redetermination, Feb. 28, 2018. Although Defendant's motion by title appears to request release on personal recognizance *or* to a third party custodian ("TPC"), he does not provide any proposed TPC names, and the Court understands that no one has gone to apply at Probation as a TPC for him either.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required, should he be released on his personal recognizance. The Court recognizes the very serious nature of the offenses charged, along with the possibility of conviction, and the likely sentence. Defendant is accused of threatening his mother and damaging her home. Defendant also hid from the police in an effort to avoid apprehension. Defendant's felony charges include Home Invasion (As a First Degree Felony) and Burglary (As a Second Degree Felony). Defendant faces a minimum of ten years imprisonment for the charge of Home Invasion, and the "sentence imposed for home invasion shall run consecutively to any sentence for other crimes committed in conjunction with the home invasion." 9 G.C.A. § 37.240(a) & (b). Defendant also faces a range of zero to five years imprisonment as an offender not previously convicted of a felony for the Burglary charge,[2] and a range of zero to one year imprisonment for each of the misdemeanor charges. *See* 9 G.C.A. § 37.20(b); 9 G.C.A. § 80.34(a). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in this matter. Additionally, the Government believes that the "likelihood of conviction in this case is high, especially because the Victim's reports were corroborated by physical damage observed by investigating officers at the scene." (Opp'n at 4).

Lastly, the Court notes that in review of Defendant's criminal history, the alleged events leading to this instant matter being filed occurred a few months after Defendant entered into a deferred plea agreement to the charge of Family Violence (As a Misdemeanor) in Criminal Case No. CF0529-17. Although the victim in that matter is different from the alleged victim(s) in the instant matter, the Court has concerns that the alleged events in the instant matter occurred only three months after Defendant's change of plea.[3]

---

[2] Defendant would otherwise face a minimum of five (5) years and a maximum of ten (10) years imprisonment, with a prior felony conviction. *See* 9 G.C.A. § 37.20(b).

[3] Defendant changed his plea on October 3, 2017. The alleged events that form the basis for this matter occurred on or about January 29, 2018.

Thus, upon the Court's review, Defendant's release on personal recognizance alone does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's further appearance at Court. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.[4]

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for March 28, 2018 at 9:00 a.m. As Defendant remains in asserted status, Jury Selection and Trial is set to commence on April 25, 2018 at 1:30 p.m.

IT IS SO ORDERED, *nunc pro tunc* to March 20, 2018, this _____ **MAR 23 2018** _____.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_____
Date: 3/23/18 Time: 11:30 AM

_____
Deputy Clerk, Superior Court of Guam

---

[4] The Court would also consider Defendant's release should there be assistance, monitoring, and/or guidance to Defendant, relative to the suggestions of Dr. Rapadas in the Forensic Evaluation. *See* Forensic Eval. at 6-7.

*People v. Brown*
Case No. CF0089-18
Decision and Order